UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DESMOND CRUMSEY,

    Petitioner,

v.                                                         Case No. 07-13608
                                                          Honorable Lawrence P. Zatkoff
                                                          United States District Court

JOHN OCWIEJA,

    Respondent,
_____/

## OPINION AND ORDER DENYING PETITIONER'S
## MOTION TO STAY PROCEEDINGS

**I.**

Petitioner, Desmond Crumsey, has filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner filed the pending petition on August 28, 2007. (Docket #1.) On September 4, 2007, the Court ordered Respondent to file a response to the petition by March 6, 2008. (Docket #5.) Respondent filed its answer on March 6, 2008. (Docket #8.) Respondent filed the necessary Rule 5 materials on May 13, 2008. (Docket #13.)

Presently, Petitioner is arguing that he failed to present issues, that are of constitutional magnitude, to the lower courts–specifically that his plea was not knowingly made and that his counsel was ineffective for failing to file a motion to suppress–and therefore requests that this Court allow him to return to state court to exhaust those claims. On the basis of the following, the Court denies Petitioner's motion to stay the proceedings.

**II.**

A prisoner filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Federal habeas law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon all of Petitioner's habeas claims before he can present those claims to this Court. Otherwise, the Court is unable to apply the standard found at 28 U.S.C. § 2254.

To satisfy the exhaustion requirement, a petitioner must present each ground to both Michigan appellate courts. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Furthermore, a federal district court has discretion in "limited circumstances" to stay a mixed habeas petition to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). For example, stay and abeyance may be appropriate when a habeas petitioner could be precluded from seeking federal habeas relief due to the application of the one-year statute of limitations. *Id*. 276. Stay and abeyance is only appropriate when a district court determines that

the petitioner has shown good cause for the failure to first exhaust the claims in state courts, the petitioner's unexhausted claims are not plainly meritless, and the petitioner has not engaged in intentionally dilatory litigation tactics. *Id*. at 277.

On August 28, 2007, Petitioner filed his petition for habeas corpus containing all exhausted claims. In reviewing the Rule 5 materials and Petitioner's applications-for-leave-to-appeal briefs to both the Michigan Court of Appeals and the Michigan Supreme Court, it appears that Petitioner raised both above-stated claims to both state-appellate courts.

Having considered the matter, the Court therefore finds that it is not appropriate to stay this case, as Petitioner has exhausted those claims in both state-appellate courts. Moreover, the Court finds that Petitioner's present motion is nothing more than an intentionally dilatory litigation tactic. Accordingly, the Court uses its discretion and declines to issue a stay in this case for the above-stated reasons.

## III.

For the reasons stated, the Court concludes that Petitioner has fully exhausted his state-court remedies as to the claims stated–plea and ineffective assistance of counsel claims. The Court therefore **DENIES** Petitioner's request to stay proceedings.

**IT IS SO ORDERED.**

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: July 28, 2008

CERTIFICATE OF SERVICE

       The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on July 28, 2008.

                                        S/Marie E. Verlinde
                                        Case Manager
                                        (810) 984-3290